**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**WILLIAM R. JACKSON,**

                       **Plaintiff,**

    v.                                      **Civil Action No. 9:08-CV-1373**
                                                  **(TJM/DEP)**

**ANTHONY Q. BOUCAUD, et al.,**

                       **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I. INTRODUCTION**

      This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. David E. Peebles, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  No objections to the Report-Recommendation and Order dated December 31, 2009 have been filed, and the time to do so has expired.

      Ordinarily, when no objections are raised to a Report-Recommendation, the Court examines the record to determine whether the Report-Recommendation is subject to attack for plain error or manifest injustice. Here, however, the Court's docket sheet indicates that the Report-Recommendation and Order, which was sent to the Plaintiff at his last known address, was returned as undeliverable.

      Every litigant is required to keep the Court advised of his or her address so that

documents and decisions may be served upon him or her by mail. See Local Rules of the United States District Court for the Northern District of New York, 10.1(b).   Failure to keep an address current can greatly delay proceedings and can be construed as an abandonment of the action.   "While a *pro se* litigant's pleadings must be construed liberally, ... *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." Edwards v. INS, 59 F.3d 5, 8 (2d Cir. 1995)(citing McNeil v. United States,  113 S. Ct. 1980, 1984 (1993))("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); see also Faretta v. California, 95 S.Ct. 2525, 2541 n. 46 (1975)("The right of self-representation is not a license ... not to comply with relevant rules of procedural and substantive law.").

Although the Court could infer that the Plaintiff's failure to advise the Court Clerk's Office of his forwarding address is a tacit abandonment of his claims, the Court will instead exercise its discretion and review this matter as if a general objection has been lodged to the Report-Recommendation and Order.  Under such circumstances, the Court reviews the record *de novo*.  See 28 U.S.C. § 636(b)(1).  After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The Court may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Having considered the record *de novo*, the Court adopts the Report-Recommendation and Order in its entirety for the reasons stated therein.

It is therefore,

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 12) is **GRANTED**. Plaintiff's First Amendment claims, and all claims against defendant Fischer, are **DISMISSED with leave to amend**. Plaintiff shall have sixty (60) days from the date of this Decision and Order to replead these claims. Plaintiff's claim for deprivation of due process is **DISMISSED as a matter of law, without leave to replead**.

**IT IS SO ORDERED**

DATED: March 15, 2010

_____
Thomas J. McAvoy
Senior, U.S. District Judge